UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BUCK ISLAND, LLC AND BEP LAND INVESTORS, LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN HILL )<br>)<br>Defendant. ) | Case No.<br><br><br><br>Jury Trial: No Jury Trial Demanded |

**COMPLAINT TO REQUIRE PERFORMANCE
OF A CONTRACT TO CONVEY REAL PROPERTY**

COME NOW, Plaintiffs Buck Island, LLC ("BI") and BEP Land Investors, LLC ("BEP"), (hereinafter collectively referred to as "Buyers" or "Plaintiffs") by and through their undersigned counsel, and hereby file this Complaint against Defendant John Hill (hereinafter referred to as "JH," "Seller," or "Defendant") and show to the Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff BI is a limited liability company, formed and operating under the laws of the State of Virginia, with the principal office address of 3071 Slate Mills, Sperryville, Virginia 22740.

2. Each member of BI is a citizen of the State of Virginia. No member of BI is a citizen of the State of Georgia.

3. Plaintiff BEP is a limited liability company, formed and operating under the laws of the State of Virginia, with the principal office address of 24201 Breezy Point Road, Onancock, Virginia 23417.

4. The members of BEP are citizens of the District of Columbia and Virginia. No member of BEP is a citizen of the State of Georgia.

5. Defendant JH is an individual citizen of the State of Georgia, residing at 8547 Heatherwood Drive, Savannah, Georgia, 31406 and is subject to the jurisdiction of this Court.

6. This Court's jurisdiction in this case is proper, pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff Buyers and Defendant Seller in this action, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. The events giving rise to this litigation occurred in Chatham County, Georgia, and that property subject to Buyers' action for specific performance of the subject Contract is situated in Chatham County, Georgia.

8. Venue is proper pursuant to U.S.C. § 1391.

**BACKGROUND / FACTS**

9. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding Paragraphs, as if fully restated verbatim.

10. From September 2022 until April 20, 2023 (approximately 7 months), Buyers and Seller negotiated the terms of a contract for the sale and purchase of real estate ("The Contract."). The Contract is at issue in this case. *See* **Exhibit A** ("The Contract").

11. Buyers submitted their first letter of intent (LOI) to Seller on September 16, 2022.

12. Over the course of approximately seven months thereafter, Buyers submitted numerous LOIs to Seller. Meetings were held between Buyers and Seller. Negotiations continued and contract iterations were drafted. The goal was to reach an agreement for Buyers' purchase of the subject land from Seller.

13. On April 20, 2023, Seller, a representative of Buyers, and a broker from Colliers International-Savannah, LLC (compensated by Seller) met together in-person throughout the morning. During said meeting, an agreement was brokered and reached between Buyers and Seller, thereby assenting to all terms and conditions.

14. On the same date, the mutual agreement was reduced to writing (The Contract) and executed by duly authorized representatives of Buyers (M. Scott DeCain and Paul F. Larner) and Seller (John Hill). *See* **Exhibit A**, at 6. Notwithstanding **Exhibit A**, Seller executed 3 identical copies of The Contract on April 20, 2023, during said in-person meeting.

15. Hours after executing The Contract, Seller advised Buyers, through his broker agent, that Seller wished to revoke his acceptance of The Contract. From that point forward, Seller has maintained he does not intend to comply with his obligations pursuant to The Contract.

16. Conversely, promptly and in accordance with The Contract, Buyers acted on the mutually agreed upon terms, as follows:

    a. Within five business days after the "Effective Date" of "The Contract," on April 26, 2023, and April 27, 2023, Buyers made a combined deposit of $100,000 into a new IOLTA account, to be held in escrow by the law firm of Ziegler Walker, as set

forth in The Contract. *Id.* at 2. *See also* **Collective Exhibit B** ("SouthState Incoming Wire Alert" and "Deposit Detail Report").

b. Buyers engaged Joel Price from Sligh Environmental ("SE") to conduct a wetlands delineation survey and requested that Seller permit SE entry upon the subject land, in order for Buyers to proceed with due diligence outlined in The Contract. *See* **Ex. A** at 1.

17. Seller refused said entry upon the subject land.

18. Subsequently, by way of letter dated May 4, 2023, Buyers were ordered by Seller's counsel to cease and desist concerning any and all rights and/or obligations created by The Contract.

19. Despite repeated overtures by Buyers, for over two months since the Effective Date of The Contract, Seller has individually, and through counsel, continued to refuse to accept the tender and refused to permit Buyers to conduct due diligence on the subject land in order to effectuate the conveyance set forth in The Contract.

20. In reliance on Seller's entering The Contract in good faith, Buyers have expended many hours of time, effort, and resources, in fulfilling their obligations under The Contract, consummated April 20, 2023.

21. Buyers offers to tender the purchase price under the terms and conditions set forth in The Contract. *Id*.

## CONTRACT TERMS

22. Plaintiffs BI and BEP re-allege and incorporate herein the allegations contained in the preceding Paragraphs, as if fully restated verbatim.

23. Section 1. of The Contract provides: "**DATE OF CONTRACT: This Contract** for the sale and purchase of real estate (the "Contract") **shall be deemed made as of the date on which it is last signed below (the "Effective Date"), and all periods herein which reference to the date of this Contract refer to the Effective Date."** *Id***.** (emphasis added).

24. The parties to The Contract are listed in Section 2., as BI and BEP ("Buyer") and John Hill ("Seller").

25. Section 3. of The Contract regarding the **parties' "AGREEMENT TO SELL AND TO BUY" provides: "Seller agrees to sell to Buyer, and Buyer agrees to buy from Seller**, Seller's interest in the following described real estate in Port Wentworth, Chatham County, Georgia: Real Estate PIN numbers: 70906 04010 and a portion of 70906 04012 totaling 207+/-acres ("the Property"). *Id.* (emphasis added.)

26. Section 3. further provides, in pertinent part: **"Seller has represented there are 170 upland acres. Buyer will survey the Property...prior to Closing...Buyer will engage Joel Price from Sligh Environmental to conduct a wetlands delineation survey...Buyer and Seller agree that Sligh's determination of the wetlands will be final for the purposes of this Contract."** *Id.* (emphasis added.)

27. Section 5. Of the Contract provides, in pertinent part: **"Within 5 business days after the Effective Date, Buyer shall make a deposit ("Deposit") of One Hundred Thousand Dollars ($100,000) which shall be held in escrow by the law firm of Ziegler Walker**...and applied against the purchase price at settlement, **or: 5.1 returned to the Buyer within three days of the occurrence of any of the following events: the failure of the Seller to comply with any term hereof**..." *Id.* at 2. (emphasis added.)

28. Section 6. of the Contract provides, in pertinent part: "STUDY PERIOD AND PURCHASE PRICE ADJUSTMENT: **Buyer shall have 180 days after the Effective Date of this Contract to determine whether Buyer's plan for the Property is practical in its sole and absolute discretion ("Study Period"). During this Study Period and prior to Closing, Buyer may have access to, and may perform studies and tests on the Property**, including but not limited to, soils tests, wetland studies, traffic and curb cut studies, engineering studies and all other feasibility studies that Buyer may desire to undertake." *Id.* at 2. (emphasis added.)

29. Section 14. of the Contract provides: **"ENTIRE AGREEMENT: This Contract of Purchase constitutes the entire agreement amount the parties and may not be modified or changed except by written instrument executed by all of the parties."** *Id.* at 4. (emphasis added.)

30. Section 15. of the Contract provides, in pertinent part: **"APPLICABLE LAW: This Contract of Purchase shall be construed, interpreted, and applied according to the law of Georgia, and it shall be binding upon and shell inure to the benefit of...the parties."** *Id.* (emphasis added.)

31. Section 16. of the Contract provides, in pertinent part: **"NOTICES: Any notices required hereunder shall be deemed given as of the date of posting by first class mail..."** *Id.* (emphasis added.)

32. Section 18. of the Contract sets forth the transaction broker fee to be paid by Seller. It further states that "**Buyer is not represented by a real estate agent or broker.**" *Id.* at 5. (emphasis added.)

33. Section 19. of the Contract provides, in pertinent part: **"EXCHANGE: Each party shall cooperate, at no cost to the cooperating party, with the other and shall execute any and all documents necessary to allow such party (or its affiliates) to effectuate conveyance of the Property...Seller agrees to cooperate with Buyer..."** *Id.* (emphasis added.)

## BREACH OF CONTRACT

34. Plaintiffs BI and BEP re-allege and incorporate herein the allegations contained in the preceding Paragraphs, as if fully restated verbatim.

35. Defendant Seller JH's communications and actions after his execution of The Contract make it impossible for Plaintiffs BI and BEP to perform their duties under The Contract, despite Plaintiffs' repeated attempts to perform said duties.

36. Defendant Seller JH's communications and actions after his execution of The Contract unequivocally expressed Defendant's intentional, unconditional refusal to comply with the terms of The Contract, constituting anticipatory repudiation.

37. Plaintiff Buyers BI and BEP are entitled to specific performance of the sale of real estate designated in The Contract.

38. Here, monetary damages would not constitute adequate compensation for Defendant Seller's non-performance.

## PROMISSORY ESTOPPEL

39. Plaintiffs BI and BEP re-allege and incorporate herein the allegations contained in the preceding Paragraphs, as if fully restated verbatim.

40. In inducing Plaintiffs BI and BEP to enter into The Contract for the purchase of real estate described therein, Defendant JH knew, or should have known that BI and BEP would rely on Defendant's promise to convey said real estate.

41. BI and BEP did, in fact, reasonably and justifiably rely to their detriment on Defendant's promises to convey said real estate and as a direct and proximate result, BI and BEP have been damaged by Defendant's breach in an amount in excess of $75,000.00.

42. In the event Plaintiffs BI and BEP are not entitled to specific performance of the contract or damages, Plaintiffs are entitled to recover their damages incurred as a result of their justifiable reliance on Defendant's promise to convey said real estate.

43. As a direct and proximate result from Defendant Seller JH's breaches, Plaintiffs BI and BEP have incurred damages, for which Defendant is responsible.

## **FEES AND COSTS UNDER GA CODE ANN. §13-6-11**

44. Plaintiffs BI and BEP re-allege and incorporate herein the allegations contained in the preceding Paragraphs, as if fully restated verbatim.

45. Defendant has acted both stubbornly and willfully in breaching The Contract with Plaintiffs for the purchase of real estate. Therefore, Defendant has acted in bad faith and been stubbornly litigious and has caused Plaintiffs unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. §13-6-11, Plaintiffs specifically pray for and are entitled to recover their expenses of this litigation and their attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, having filed this Complaint, Plaintiff Buyers pray for the following relief:

(1) That Defendant Seller be required specifically to perform the terms of The Contract, because the subject parcel of land is unique and monetary damages are inadequate to repair the injury to Plaintiffs;

(2) If specific performance is not granted, that Plaintiffs BI and BEP be awarded its expenses incurred in justifiable reliance on Defendant's promise to convey said real estate, as set forth in The Contract;

(3) That Plaintiffs be awarded its attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

(4) That the Court award Plaintiff Buyers such other legal or equitable relief as this Court deems just and proper.

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, counsel for Plaintiff Buyers certifies to the best of counsel's knowledge, information, and belief that this Complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary after a reasonable opportunity for further investigation or discovery; and

(4) the Complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this the 30th day of June 2023.

                                  ROBERTS TATE, LLC

                               *<u>/s/ James L. Roberts, IV</u>*
                              James L. Roberts IV
                              Georgia Bar No. 608580
                              Post Office Box 21828
                              Saint Simons Island, Georgia 31522
                              (912) 638-5200
                              (912) 638-5300 – Fax
                              jroberts@robertstate.com
                              *Attorney for Plaintiffs*