IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BUCK ISLAND, LLC; and BEP LAND INVESTORS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JULIANNE GLISSON, in her capacity as Conservator for John Edward Hill, <br><br> Defendant. | CIVIL ACTION NO.: 4:23-cv-179 |

**O R D E R**

This matter is before the Court on Defendant Julianne Glisson's Motion to Dismiss. (Doc. 51.) Plaintiffs Buck Island, LLC, and BEP Land Investors, LLC, filed this breach of contract suit alleging John Edward Hill, for whom Defendant Glisson acts as conservator, contracted to sell property to Plaintiffs but failed to perform. (See doc. 1.) Defendant now moves to dismiss Plaintiffs' claims, arguing that this Court lacks subject matter jurisdiction because of the "probate exception" to federal diversity jurisdiction. (Doc. 52.) Plaintiffs filed a Response. (Doc. 59.) For the reasons explained below, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. 51.)

BACKGROUND

According to the Complaint, from September 2022 to April 2023, Plaintiffs and Hill negotiated the terms of a contract for the sale and purchase of real estate ("the Contract"). (Doc. 1, p. 2.) Hill submitted his first letter of intent ("LOI") to Plaintiffs on September 16, 2022, and submitted multiple subsequent LOIs to Plaintiffs in the next seven months. (Id. at pp. 2–3.) The parties held meetings and drafted iterations of the Contract. (Id. at p. 3.) On April 20, 2023, they

reached an agreement, and the Contract was memorialized and signed by the parties. (Id.) Hours later, Hill advised Plaintiffs that he wished to revoke his acceptance of the Contract and has since maintained he does not intend to comply with his obligations under the Contract. (Id.) Hill refused Plaintiffs' entry onto the land and, on May 4, 2023, ordered Plaintiffs to cease and desist. (Id. at p. 4.) Hill has continued to refuse acceptance of the Contract or carry out the conveyance of the property. (Id.) On June 30, 2023, Plaintiffs sued for breach of contract in this Court seeking, among other things, specific performance of the Contract. (See generally id.) The Complaint alleges that federal jurisdiction is proper through diversity jurisdiction, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Id. at p. 2.)

On October 3, 2023, Hill's sister and brother-in-law filed a Petition for the Appointment of Guardian and Conservator in the Probate Court of Chatham County, Georgia. (Doc. 37, p. 4.) On January 30, 2024, the Probate Court found that Hill "lack[ed] sufficient capacity to make or communicate significant responsible decisions concerning the management of his property and finances due to . . . [d]ementia," and stated that "[s]uch incapacity appear[ed] to be permanent." (Id. at p. 6.) Hill testified before the Probate Court that there was no litigation surrounding the at-issue property, even though this case was already ongoing. (Id. at pp. 6–7.) The Probate Court concluded Hill needed a permanent conservator and appointed Defendant Julianne Glisson, the County Administrator, to fill that role. (Id. at pp. 8–9.) The Probate Court further ordered that Hill no longer has the power to "[m]ake, modify, or terminate contracts"; "buy, sell, or otherwise dispose of . . . property"; "[e]nter into or conduct other business or commercial transactions"; or "[b]ring or defend any action at law or equity." (Id. at p. 9.) The Probate Court directed Hill's conservator to "file plans for managing, expending, and distributing [Defendant's] property." (Id.

at p. 10.) Hill moved to substitute Glisson as Defendant, (doc. 45), which the Court granted, (doc. 46).

On April 16, 2024, Defendant moved to dismiss this suit for lack of subject matter jurisdiction, (doc. 51), arguing the "probate exception" to federal diversity jurisdiction divests the Court of subject matter jurisdiction (doc. 52, pp. 4–7). Plaintiff filed a Response, arguing that the probate exception does not apply and that this Court should retain jurisdiction. (Doc. 59.)

## DISCUSSION

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The so-called "probate exception" has served as a longstanding limitation on federal jurisdiction otherwise properly exercised. Marshall v. Marshall, 547 U.S. 293, 299 (2006).

The Supreme Court of the United States has explained the probate exception by stating that "federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 494 (1946) (internal quotations omitted). The Supreme Court later clarified that the "'interference' language in Markham [i]s essentially a reiteration of the general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Marshall, 547 U.S. at 311. That is, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state

3

probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 311–12.

Since Marshall, the Circuit Courts have agreed that the probate exception is narrowly limited to three circumstances: (1) if the plaintiff "seek[s] to probate . . . a will"; (2) if the plaintiff "seek[s] to . . . annul a will"; and (3) if the plaintiff "seek[s] to reach the res over which the state court had custody." Chevalier v. Est. of Barnhart, 803 F.3d 789, 801 (6th Cir. 2015) (quoting Wisecarver v. Moore, 489 F.3d 747, 750 (6th Cir. 2007)); see also Kaplan v. Kaplan, 524 F. App'x 547, 548 (11th Cir. 2013) ("[A] federal court is obliged to exercise its jurisdiction to consider matters that do not annul a will, invalidate the administration of an estate, or interfere with property in the custody of the probate court."); Lee Graham Shopping Ctr., LLC v. Estate of Kirsch, 777 F.3d 678, 681 (4th Cir. 2015) ("[The probate exception] applies only if a case actually requires a federal court to . . . to probate a will, to annul a will, to administer a decedent's estate; or to dispose of property in the custody of a state probate court."); Curtis v. Brunsting, 704 F.3d 406, 409 (5th Cir. 2013) ("Marshall requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property."); Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir. 2008) ("It is clear after Marshall that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply."). "The [probate] exception does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Stuart v. Hatcher, 757 F. App'x 807, 809 (11th Cir. 2018) (internal quotation omitted). In determining whether the probate exception applies, federal courts "must examine the substance of the relief that [the parties] are

seeking, and not the labels they have used." Mercer v. Bank of N.Y. Mellon, N.A., 609 F. App'x. 677, 679 (2d Cir. 2015) (citing Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007)).

Defendant argues the probate exception to federal diversity jurisdiction divests this Court of jurisdiction because Plaintiffs' sought remedy, specific performance for the sale of property, renders this an in rem proceeding in the exclusive jurisdiction of the state probate court.[1]  (Doc. 52, pp. 4–7.)  The Court disagrees.

Plaintiffs do not request that the Court probate or annul a will, or administer Defendant's estate, leaving only the question of whether Plaintiffs seek to reach the res over which the state probate court has custody.  See Chevalier, 803 F.3d at 801.  This part of the probate exception applies only when the claim and the relief sought requires the federal court to exercise in rem jurisdiction over the property, or res, that is first in the possession of a state probate court.  See Marshall, 547 U.S. at 296.  Thus, the Court must first determine whether Plaintiffs' cause of action is an in personam action or an in rem action.  See Chevalier, 803 F.3d at 801.

> If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated "in personam" and can impose a personal obligation on the defendant in favor of the plaintiff.  If jurisdiction is based on the court's power over property within its territory, the action is called "in rem" or "quasi in rem."

---

[1] Defendant also relies on Georgia state law providing that "[p]robate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of . . . [a]ll other matters and things as appertain or relate to . . . persons who are incompetent because of mental illness." O.C.G.A. § 15-9-30(a)(11).  But the Court in Marshall rejected the idea that a federal court's subject-matter jurisdiction depends on state law: "Jurisdiction is determined 'by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even though it created the right of action.'" 547 U.S. at 314 (quoting Tenn. Coal, Iron & R.R. Co. v. George, 233 U.S. 354, 360 (1914)) (alterations adopted).  Thus, the Court looks only to federal law to determine whether the probate exception to federal diversity jurisdiction applies.  See Chevalier, 803 F.3d at 801.

Shaffer v. Heitner, 433 U.S. 186, 199 (1977).[2]  See also Action in Personam, Black's Law Dictionary (12th ed. 2024) (an in personam action is "[a]n action brought against a person rather than property," where "judgment is binding on the judgment-debtor and can be enforced against all the property of the judgment-debtor"); Abromats v. Abromats, No. 16-CV-60653, 2016 WL 10891528, at *3 (S.D. Fla. July 14, 2016) (A proceeding is in rem if "the direct object [of the action] is to reach and dispose of, or to adjudicate title or status of property owned by the parties, or of some interest claimed by them, and duly put in issue by the allegations of the pleadings therein.")  In other words, in rem actions "are fights over a property or a person in the court's control."  Struck v. Cook Cnty. Pub. Guardian, 508 F.3d 858, 860 (7th Cir. 2007).

Plaintiffs' claims are based in breach of contract, which they contend would typically constitute an in personam action.  (Doc. 59, p. 9.)  That said, Plaintiffs' sought remedy of specific performance would require the Court to compel the sale of Hill's property, or "adjudicate . . . status of property owned by the parties."  Abromats, 2016 WL 10891528, at *3; see also Regions Bank v. Am. Leisure Resorts, Inc., No. 13-20638-CIV, 2013 WL 12164644, at *2 (S.D. Fla. June 28, 2013) ("[W]hile the judgment sought . . . might have been in personam, the state court had in rem jurisdiction when it ordered the transfer of real property."); id. ("Despite having authority to render a decision on the merits of a specific performance claim due to its in personam jurisdiction, a trial court may not order the transfer of real property unless it also has in rem jurisdiction."); Freeman v. Alderson, 119 U.S. 185, 187 (1886) (Cases are in rem even when, "though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims

---

[2] "A judgment in rem affects the interests of all persons in designated property.  A judgment quasi in rem affects the interests of particular persons in designated property." Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958).  As did the Court in Hanson, the Court will, for convenience, generally use the term "in rem" in place of "in rem and quasi in rem." Id. at 199 n.7.

asserted."). Because the substance of Plaintiffs' sought relief requires an actual transfer of property, this is an in rem proceeding.[3]

Generally, a federal action seeking "an actual transfer of property under probate . . . is precluded by the probate exception." Mich. Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d at 741 (11th Cir. 1982). That said, under the doctrine of prior exclusive jurisdiction, "[i]f two suits are in rem . . . so that the court must have possession or some control over the property in order to grant the relief sought, the jurisdiction of one court must yield to that of the other." Cartwright v. Garner, 751 F.3d 752, 761 (6th Cir. 2014); see also Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011).

In 2015, the Sixth Circuit Court of Appeals first addressed the doctrine of prior exclusive jurisdiction's impact on the probate exception. See Chevalier, 803 F.3d at 799–804. The Sixth Circuit ultimately concluded that the probate exception "does not divest a federal court of subject-matter jurisdiction unless a probate court is already exercising in rem jurisdiction over the property at the time that the plaintiff files [his] complaint in federal court." Id. at 804. This is because "when diversity provides the basis for federal jurisdiction, 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Id. at 803 (quoting Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004)). Thus, if the federal suit was filed first, a subsequent proceeding brought in state court cannot divest the federal court of subject matter jurisdiction under the probate exception. See id. at 803–04. "The prior-exclusive-jurisdiction doctrine is similar—if not identical to—the probate exception." Id. at 803.

---

[3] The probate exception is generally inapplicable to in personam claims. Marshall, 547 U.S. at 297, 312 (holding probate exception inapplicable when plaintiff sought an in personam judgment against defendant); see also Kaplan, 524 F. App'x at 548 (probate exception did not apply to plaintiff's in personam claims against personal representative of estate for allegedly breaching his fiduciary duties as personal representative). Thus, had the Court found this to be an in personam action, dismissal under Defendant's probate exception theory would still be improper.

The Court agrees with the reasoning of Chevalier and has found no authority to the contrary. Rather, the Sixth Circuit's conclusion that the probate exception applies only when the probate court was *already exercising* jurisdiction over the res has been uniformly embraced by several other federal courts, as well as at least one district court in the Eleventh Circuit. See Abromats, 2016 WL 10891528, at *4 ("The probate exception . . . does not divest a federal court of subject-matter jurisdiction unless a probate court is already exercising in rem jurisdiction over the property at the time that the plaintiff files [his] complaint in federal court.") (internal quotation omitted); accord Dyno v. Dyno, No. 20-3302, 2021 WL 3508252, at *2 (3d Cir. Aug. 10, 2021); Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1252 (9th Cir. 2017); U.S. Bank v. Venissa Ford, No. 4:22-CV-3499, 2024 WL 499642, at *2 (S.D. Tex. Jan. 5, 2024); Kleeberg v. Eber, No. 16-CV-9517 (LAK), 2017 WL 2895913, at *2–3 (S.D.N.Y. July 6, 2017); Bush v. Lawrence, Tr. of Linwood Earl Bush Tr., No. 7:18-CV-00042, 2019 WL 1434667, at *3 (W.D. Va. Mar. 29, 2019); Mandell v. Dolloff, No. 3:17-CV-01282-MPS, 2018 WL 3553343, at *3 (D. Conn. July 24, 2018). Defendant acknowledges that "several Court of Appeals cases . . . discuss the doctrine of prior exclusive jurisdiction as a possible defense to the probate court exception," but notably neglects to cite any authority rejecting the defense. (See doc. 52, p. 6 n.7.)

Here, Plaintiffs sued in federal court months before the probate court had any involvement in the case, meaning the res was not in the custody of a state probate court prior to the filing in this Court. As a result, Defendant's "invocation of the probate exception falters at the first step." Venissa Ford, 2024 WL 499642, at *3. Logically, a federal court cannot "interfere" with probate court jurisdiction that did not yet exist. Markham, 326 U.S. at 494. Because the res was first in the jurisdiction of this Court, the probate exception does not divest the Court of its jurisdiction

over this dispute. Accordingly, the Motion to Dismiss for lack of subject matter jurisdiction must be denied.

## CONCLUSION

The probate exception to federal diversity jurisdiction does not apply because the property was under this Court's jurisdiction before the probate court became involved. Because the probate exception applies only when a probate court is already exercising in rem jurisdiction over a property when a plaintiff files his complaint in federal court, it cannot divest the Court of subject matter jurisdiction here. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss, (doc. 51).

**SO ORDERED**, this 7th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA