IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BUCK ISLAND, LLC; and BEP LAND INVESTORS, LLC, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:23-cv-179 |
| v. | |
| JULIANNE GLISSON, in her capacity as Conservator for John Edward Hill, | |
| Defendant. | |

**ORDER FOR SETTLEMENT CONFERENCE**

The Court hereby **ORDERS** that this matter is set for a Settlement Conference on Wednesday, September 10, 2025, at 10:00 AM, at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court, Savannah, Georgia.  The Court issues the following directions to counsel and the parties that are designed to increase the efficiency and effectiveness of the Settlement Conference.  Counsel shall provide a copy of this Order and the attached addendum to their clients well before the Settlement Conference.  <u>Counsel and the parties are directed to pay particular attention to the directive to exchange settlement proposals in advance of the settlement conference.</u>

I.  **Personal Appearance of Parties**

The Court requires that the parties appear personally at the Settlement Conference.  Personal appearance reduces the time for communication of offers and expands the ability to explore options for settlement.  If any party is insured for the claims at issue, a representative of the insurer, with full settlement authority, shall also appear in person.  Counsel who will actually try the case and each party, armed with full settlement discretion, shall also be present.  If an

organization, governmental entity, corporation, or other collective entity is a party, a duly authorized officer or managing agent of that party shall be personally present at the Settlement Conference. <u>Having the client available by telephone is not acceptable.</u> No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client.

One of the primary purposes of a settlement conference is to have the final decision-making representatives personally participate in the Settlement Conference and hear the presentations of the opposite side. Only through such direct participation can a representative make settlement decisions which are informed by the Settlement Conference process. No party is required to settle a case. However, if a party's representative cannot evaluate and change the party's position based on developments at the settlement conference, then the settlement conference is of no practical value. Thus, attendance by an inadequately authorized principal defeats the essential purposes of the settlement conference.

This means that each party must attend the Settlement Conference through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the Conference. If the party representative has a limit, or "cap" on his or her authority which would require telephone or other consultation with a corporate office or a "home office", this requirement is not satisfied. To be perfectly plain: each party must bring a fully authorized client representative to the settlement conference. See <u>Lockhart v. Patel</u>, 115 F.R.D. 44 (E.D. Ky. 1987), regarding the potential consequences for failure to comply with this provision.

**II.     Exchanging Settlement Proposals Prior to Settlement Conference**

Before arriving at the Settlement Conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. In particular, <u>each party must</u>

make at least one specific proposal prior to the Settlement Conference with the plaintiff making the first proposal and the defendant making a counterproposal. Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own.

**III.     Course of Settlement Proceedings**

The purpose of the conference is to facilitate settlement of this case, if that is appropriate. The conference will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Undersigned in confidence will be kept confidential. The parties agree, by participating in the settlement conference, that any statements made or presented during the conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings. It is the Court's experience that parties appear frequently at settlement conferences fully prepared to argue liability with passion but without any detailed analysis of damages. This is not productive to the settlement conference process. Accordingly, all parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the potential categories and amounts of damages which might reasonably be awarded at trial.

**CONCLUSION**

Failure of any party to comply with the conditions in this Order may result in the Settlement Conference being rescheduled, with the party responsible to bear all associated costs.

**SO ORDERED**, this 2nd day of September, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA